UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JENNIFER N., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:18-CV-811-JVB |
| | ) |
| ANDREW SAUL, Commissioner of the | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Jennifer N., *pro se*, seeks judicial review of the Social Security Commissioner's decision denying her application for supplemental security income and asks this Court to reverse that decision. For the reasons below, the Court denies that request and affirms the decision of the Social Security Commissioner.

## PROCEDURAL BACKGROUND

In Plaintiff's November 17, 2015 application for benefits, she alleged that she became disabled on August 20, 2006. After a hearing, the Administrative Law Judge (ALJ) issued a decision on February 9, 2018, finding that Plaintiff suffers from the severe impairments of borderline intellectual functioning, anxiety, depression, obesity, osteoarthritis of both knees, and chronic obstructive pulmonary disease. The ALJ found that Plaintiff could not perform her past relevant work but also found that work existed in significant numbers in the national economy that Plaintiff could perform. Therefore, the ALJ found that Plaintiff was not disabled from August 20, 2006, through February 9, 2018. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that she has multiple physical problems and a learning disability that prevent her from being able to work. By implication, her position is that the ALJ's finding that Plaintiff is not disabled is incorrect. However, she does not identify any particular error in the ALJ's reasoning or identify any part of the decision that is not supported by substantial evidence or that applies the wrong legal standard.

2

In his decision, the ALJ applied the required five-step analysis. S*ee* 20 C.F.R. § 416.920(a)(4). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her application filing date. The ALJ then found at steps two and three that Plaintiff had six severe impairments but that none met or equaled a listing for a presumptively disabling condition.

Before completing step four, the ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. 416.967(a) except she can occasionally climb ramps and stairs but should never climb ladders, ropes, or scaffolds. Additionally, she can occasionally balance, stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to extreme heat, extreme cold, fumes, dusts, odors, gases, poor ventilation, dangerous moving machinery, unprotected heights, and wet, slippery, or uneven surfaces. She can occasionally push/pull and operate foot controls bilaterally. She can frequently handle and finger with her right hand. She can remember and follow simple but not detailed instructions. She can perform tasks as assigned but not always at a production rate pace, though she can meet end of day work goals. She can occasionally adapt to rapid changes in the workplace. She uses a cane for ambulation. (AR 22).

In arriving at this RFC, the ALJ recounted Plaintiff's testimony as to her impairments and cited the results of diagnostic imaging, records of medical encounters, findings from clinical examinations by treating and consulting medical professionals, Plaintiff's daily activities, and the medical opinions in the evidence.

The ALJ gave little weight to the opinions of the state agency medical consultants, finding that they did not adequately consider the entire record. The state agency psychologist's opinion received some weight, with the ALJ noting that old evaluations were used but that the opinion was

3

still generally consistent with the evidence of record. The opinion by Plaintiff's treating physician that Plaintiff is permanently and totally disabled was given no weight, as the ALJ found that the opinion was neither well supported nor consistent with the physician's treatment records or other substantial evidence in the record and, further, the question of disability is reserved for the Commissioner. *See* 20 C.F.R. § 416.927(d)(1). The ALJ also noted that Plaintiff's impairments could reasonably be expected to cause her alleged symptoms but her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record.

At step four, the ALJ determined that Plaintiff cannot perform her past relevant work as a janitor, but at step five the ALJ concluded, based on the residual functional capacity and the testimony at the hearing given by a vocational expert, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, given her age, education, work experience, and RFC.

In lieu of a reply, Plaintiff submitted medical records from a September 10, 2019 medical encounter. However, these records postdate the ALJ's decision, the period under consideration for Plaintiff's application, and the filing date of this lawsuit, and do not appear to speak to Plaintiff's condition at or before the time of the ALJ's decision. Thus, these records fall outside of the relevant time period. *See Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008) (citing 20 C.F.R. § 404.970(b)). Further, Plaintiff does not indicate what parts of these records, if any, she believes to support a different outcome in the disability determination.

Plaintiff spends most of her brief recounting her medical ailments and personal history. She notes that her treating physician opined that Plaintiff was disabled, but the ALJ rejected this opinion and Plaintiff does not assert that the ALJ assigned no weight in error. Plaintiff also

contends that examining physician Dr. Inabnit stated that Plaintiff cannot work, but no such opinion is found on in the portion of the record identified by Plaintiff. Plaintiff further maintains that the vocational expert stated that there is no job that Plaintiff can perform, but this was in response to a question involving greater limitations than those found to be in Plaintiff's RFC.

In order to obtain relief, Plaintiff must persuade the Court that the ALJ's decision was not supported by substantial evidence or that an incorrect legal standard was used. She has not done so. Plaintiff "does not engage with the ALJ's decision that the medical record and other evidence demonstrate an ability to work despite [her] severe impairments, precluding an award of benefits." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020) (citing *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020)). As a pro se litigant, Plaintiff receives the benefit of her filings being construed liberally by the Court, *see id.*, but she still must present the Court with legal argument showing why, in her case, she is entitled to the relief she seeks. Because she has not done so, her request for relief must be denied.

To the extent Plaintiff claims that her conditions continue to worsen, the development of additional impairments or the worsening of impairments provide a reason to submit a new application for benefits to the agency. *See Getch*, 539 F.3d at 484.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in the Opening Brief [DE 21] and **AFFIRMS** the decision of the Commissioner of Social Security.

SO ORDERED on July 28, 2020.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT